DOCKET# 36
U.S. DISTRICT COURT
WEST DIST. OF WISCONSIN

JAN 2 5 2008

IN THE UNITED STATES DISTRICT COURT

THERESA M. OWENS, CLERK
CASE#_____

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SHAHEED TAALIB'DIN MADYUN,

             Plaintiff,

         v.

KENNETH KELLER; ANGIE WOOD; LT. KUSTER;
LT. KIRBY LINJER; CO. II CAROL COOK;
PETER ERICKSON; CAPT. BRANT; LT. LAMBRECHT;
WILLIAM POLLARD; DR. STEVEN SCHMIDT;
CAPT. BRUCE MURASKI; PHIL KINGSTON;
DON STRAHOTA; CAPT. O'DONOVAN; SGT. VOSS;
SGT. LEHMAN; SIEDSCHLAG; and CAPT. WIERENGA,

            Defendants.

ORDER

3:07-cv-318-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In an order dated December 27, 2007, and in response to George v. Smith, 507 F.3d

605 (7th Cir. 2007), I applied Fed. R. Civ. P. 20 to this case and concluded that plaintiff's

complaint must be divided into nine separate lawsuits as described immediately below.

In Lawsuit #1, plaintiff may litigate his claim that defendant Carol Cook put

"medicine or poison" in plaintiff's food in September 2001 in violation of his Eighth

Amendment rights. In this same lawsuit, plaintiff may litigate his claims that in March

2002, defendant Cook violated his Eighth Amendment rights and retaliated against him for

1

Copy of this document has been
provided to: Plaintiff

this 25 day of Jan 2008
by _____
S. Vogel, Secretary to
Judge Barbara B. Crabb

exercising his right of access to the courts when she put handcuffs on plaintiff so tightly that it caused his wrists to bleed and when she refused to seek medical treatment for him.

In Lawsuit #2, plaintiff may litigate his claim that in September 2001, defendant Angie Wood put plaintiff in segregation in retaliation for his activities as a jailhouse lawyer and because of his complaints about prison conditions.  In addition, plaintiff may litigate his claim that Wood violated plaintiff's Eighth Amendment rights in October 2001, when she failed to obtain medical care for plaintiff after learning the plaintiff had ingested pieces of razor blades that had been hidden in a piece of pie.

In Lawsuit #3, plaintiff may litigate his claim that defendants Kuster, Kirby Linjer and a John Doe officer violated plaintiff's Eighth Amendment rights when they assaulted plaintiff in his cell in February 2002.  In this same lawsuit, plaintiff may litigate his claims that in November 2001, defendant Linjer violated his Eighth Amendment rights by prolonging his exposure to smoke from a fire another inmate set in plaintiff's unit and that in June 2001, defendant Kuster confiscated his watch in retaliation for plaintiff's work as a jailhouse lawyer and his complaints about prison conditions.

In Lawsuit #4, plaintiff may litigate his claim that in March 2002, defendants Linjer, Kuster and Kenneth Keller issued a conduct report against plaintiff and sentenced him to segregation because of his activities as a jailhouse lawyer and his complaints about prison conditions.

2

In Lawsuit #5, plaintiff may litigate his claim that defendants William Pollard, Peter Erickson and Steven Schmidt conspired to send him to segregation in 2005 and 2006 because of his activities as a jailhouse lawyer and his complaints about prison conditions. In this same lawsuit, plaintiff may litigate his claim that sometime in late 2005 or early 2006, defendants Pollard and Erickson violated his Eighth Amendment rights by inducing him to experience symptoms of a heart attack. Finally, plaintiff may include in Lawsuit #5 his claim that in June 2002, defendant Erickson put plaintiff in segregation because of plaintiff's activities as a jailhouse lawyer and his complaints about prison conditions.

In Lawsuit #6, plaintiff may litigate his claim that in September 2005, defendants Erickson, Capt. Brant and Lt. Lambrecht issued conduct reports to plaintiff and placed him in segregation for "Enterprising and Fraud" and "Unauthorized Transfer of Property" in retaliation for plaintiff's activities as a jailhouse lawyer and his complaints about prison conditions.

In Lawsuit #7, plaintiff may litigate his claim that sometime in late 2006, after plaintiff had been transferred to the Waupun Correctional Institution, defendants Bruce Muraski, Don Strahota, Captain Wierenga, Sergeant Voss and Captain O'Donovan conspired to place plaintiff in segregation because of his activities as a jailhouse lawyer and his complaints about prison conditions. In addition, plaintiff may litigate his claim that defendant Muraski ordered officers to destroy plaintiff's legal materials and personal

3

documents because of plaintiff's lawyering activities.

In Lawsuit #8, plaintiff may litigate his claim that in late 2006, defendants Captain Wierenga, Sergeant Lehman, Don Strahota and Phil Kingston denied plaintiff his religious and legal materials because he is a Muslim and a jailhouse lawyer.

In Lawsuit #9, plaintiff may litigate his claim that sometime after January 16, 2007, defendant Siedschlag refused to advance plaintiff through the segregation step program and denied him access to the law library because of plaintiff's activities as a jailhouse lawyer and his complaints about prison conditions.

Now plaintiff has responded to the December 27 order. He advises the court that he will prosecute Lawsuits ##1-5 and 7 and that he wishes to prosecute Lawsuit #7 in the context of this action (that is, the action assigned case no. 07-cv-318-bbc). Therefore, I will lift the stay with respect to plaintiff's claims identified above as Lawsuit #7. In all future filings in this case, the caption is to be modified to reflect that defendants Bruce Muraski, Don Strahota, Captain Wierenga, Sergeant Voss and Captain O'Donovan are the only defendants in the case. These defendants have answered plaintiff's complaint and a preliminary pretrial conference has been held. However, because the stay has affected the ability of the parties to comply with previously set deadlines, a status conference will be scheduled in this case and the five new cases to adjust the schedule as needed.

With respect to plaintiff's decision to proceed with the claims raised in Lawsuits ##1-

5, these actions shall be severed forthwith and assigned case numbers 08-cv-30-bbc, 08-cv-31-bbc, 08-cv-32-bbc, 08-cv-33-bbc and 08-cv-34-bbc, respectively.  To be clear,

- Plaintiff's claims identified as Lawsuit #1 will be litigated in case no. 08-cv-30-bbc. Defendant Carol Cook is the only defendant in this case;

- Plaintiff's claims identified as Lawsuit #2 will be litigated in case no. 08-cv-31-bbc. Defendant Angie Wood is the only defendant in this case;

- Plaintiff's claims identified as Lawsuit #3 will be litigated in case no. 08-cv-32-bbc. Defendants Kuster, Kirby Linjer and a John Doe officer are the only defendants in this case;

- Plaintiff's claims identified as Lawsuit #4 will be litigated in case no. 08-cv-33-bbc. Defendants Linjer, Kuster and Kenneth Keller are the only defendants in this case;

- Plaintiff's claims identified as Lawsuit #5 will be litigated in case no. 08-cv-34-bbc. Defendants William Pollard, Peter Erickson and Steven Schmidt are the only defendants in this case.

Plaintiff has paid the $350 filing fee for each of the five new cases.  The record in each of these cases will include the complaint (Dkt. #1), the order dated July 31, 2007 granting plaintiff leave to proceed in forma pauperis (Dkt. #12), defendants' answer to plaintiff's complaint (Dkt. #22) and the order dated December 27, 2007 severing plaintiff's claims in case no. 07-cv-318-bbc pursuant to George.

5

In response to the December 27 order, plaintiff has advised the court also that he is willing to dismiss voluntarily claims I identified as Lawsuits ##6, 8 and 9. Therefore, as to defendants Brant, Lehman, Kingston and Siedschlag, plaintiff's complaint will be dismissed without prejudice.

ORDER

IT IS ORDERED that

1. The court accepts plaintiff's decision to continue to prosecute in the context of this case the claims identified in this order as Lawsuit #7. The stay relating to these claims is LIFTED.

2. The court accepts plaintiff's decision to proceed in five new cases with the claims identified in this court's order as Lawsuits ##1-5. These lawsuits are hereby SEVERED in accordance with Fed. R. Civ. P. 20. Lawsuit #1 is assigned case no. 08-cv-30-bbc. Lawsuit #2 is assigned case no. 08-cv-31-bbc. Lawsuit #3 is assigned case no. 08-cv-32-bbc. Lawsuit #4 is assigned case no. 08-cv-33-bbc. Lawsuit #5 is assigned case no. 08-cv-34-bbc.

3. Plaintiff's claims identified in this court's order as Lawsuits ##6, 8 and 9 are DISMISSED without prejudice.

4. Plaintiff's complaint is DISMISSED as to defendants Brant, Lehman, Kingston and

Siedschlag.

5.    The parties are advised that status conferences will be held back to back in this case

and each of plaintiff's newly severed cases before United States Magistrate Judge

Stephen Crocker on February 6, 2008 beginning at 9:00 a.m.

Entered this _____*2nd*_____ day of January, 2008.

BY THE COURT:

*Barbara B. Crabb*
BARBARA B. CRABB
District Judge

7