IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SHAHEED TAALIB'DIN MADYUN,

                            Plaintiff,

      v.

CAPT. BRUCE MURASKI; DON STRAHOTA;
CAPT. O'DONOVAN; SGT. VOSS;
and CAPT. WIERENGA,

                            Defendants.

ORDER

07-cv-318-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SHAHEED TAALIB'DIN MADYUN,

                            Plaintiff,                  08-cv-30-bbc

      v.

CAROL COOK,

                            Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SHAHEED TAALIB'DIN MADYUN,

                            Plaintiff,                  08-cv-31-bbc

      v.

ANGIE WOOD,

                            Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SHAHEED TAALIB'DIN MADYUN,

                Plaintiff,                            08-cv-32-bbc

    v.

LT. KUSTER;
LT. KIRBY LINJER; and
JOHN DOE,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SHAHEED TAALIB'DIN MADYUN,

                Plaintiff,                            08-cv-33-bbc

    v.

LT. KUSTER; LT. KIRBY LINJER; and
KENNETH KELLER,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SHAHEED TAALIB'DIN MADYUN,

                Plaintiff,                            08-cv-34-bbc

    v.

WILLIAM POLLARD; PETER ERICKSON;
and STEVEN SCHMIDT,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Defendants have filed motions for summary judgment for plaintiff's failure to exhaust his administrative remedies in each of these cases, with the exception of 07-cv-318-bbc. Plaintiff has moved for an extension of his deadline for filing a response, which is March 21, 2008. In addition, plaintiff has filed a motion for a preliminary injunction in each of his cases in which he seeks to compel to defendants to "return all of plaintiff's legal files and law books which they have confiscated from Madyun."

Because defendants were given an extra week to file their motions, I will give plaintiff an extra week to file his responses, but plaintiff is entitled to no more. In his motion, plaintiff alleges that defendants are withholding documents from him that he needs to prove exhaustion, but he identifies only two types of documents, neither of which is relevant to defendants' pending motions.

First, plaintiff says that defendants have taken his files from another case, Madyun v. Lemon, which he filed in the Eastern District of Wisconsin. In Lemon, the court held that plaintiff had not exhausted many of the same claims he is asserting in this case. Madyun v. Lemon, 1:04-cv-343-WCG, dkt. #72 (March 30, 2005), aff'd sub nom, Madyun v. Cook, 204 Fed. Appx. 547, 548, 2006 WL 2053466, 1 (7th Cir. 2006). To the extent plaintiff intends to persuade this court that the Eastern District court decided his case wrongly, he is wasting his time because I am bound by that court's (and the court of appeals') decision.

3

The only way plaintiff may prove exhaustion now is to show that he completed the grievance process *after* the decision by court in Lemon. Thus, no documents from Lemon could provide any support to plaintiff in showing that he has exhausted his administrative remedies in this case.

Second, plaintiff says defendants failed to include complete and accurate copies of documents related to three conduct reports. Plaintiff fails to explain how those documents could help to show that he exhausted his administrative remedies. Conduct reports are not part of the grievance process; the only documents relevant to showing exhaustion are grievances, appeals of those grievances and the administration's responses to those grievances and appeals. Even if conduct reports were relevant to defendants' motion for summary judgment, plaintiff does not identify what is missing from defendants' records or what is inaccurate about them.

Because plaintiff has failed to show that defendants are withholding relevant documents from him, his motions for a preliminary injunction are DENIED. His motions for an extension of time are GRANTED in part. Plaintiff may have until March 28, 2008, in which to submit his responses to defendants' motions for summary judgment. Defendants

4

may have until April 4, 2008, to file a reply.

Entered this 19th day of March, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

5