IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SHAHEED TAALIB'DIN MADYUN,                                            ORDER

                    Plaintiff,                                    08-cv-31-bbc

    v.

ANGIE WOOD,

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this case, plaintiff is proceeding on his claim that in September 2001, defendant Angie Wood put plaintiff in segregation in retaliation for his activities as a jailhouse lawyer and because of his complaints about prison conditions.  In addition, plaintiff alleges that Wood violated his Eighth Amendment rights in October 2001, when she failed to obtain medical care for plaintiff after learning that plaintiff had ingested pieces of razor blades that had been hidden in a piece of pie.  Defendant has moved for summary judgment with respect to both claims, contending that they must be dismissed for plaintiff's failure to exhaust his administrative remedies.  Now, defendant has moved to stay the schedule for filing additional dispositive motions, completing discovery and completing other tasks necessary to move this case to resolution pending a decision on the motion for summary judgment. Ordinarily, such motions are not granted.  Until the court is able to review the parties'

submissions on a motion for summary judgment, it is impossible to know definitively whether the case will be resolved in its entirety on a motion for summary judgment.  Here however, the claims raised in plaintiff's complaint are discrete claims of wrongdoing and defendant's submissions in support of their motion are thorough and well-argued.  In his response to the motion, plaintiff focuses on motions for summary judgment filed in several other cases he has pending in this court, and mounts no defense whatsoever to defendant's claim that he did not exhaust his administrative remedies with respect to his claims against her.  Under these circumstances, it appears appropriate at the very least to rescind the dispositive motions deadline in this case which is currently set for May 2, 2008, and to stay all discovery.  If plaintiff's case survives the motion for summary judgment, new discovery and dispositive motions deadlines will be established.

ORDER

IT IS ORDERED that defendant's motion to stay the scheduling order in this case is GRANTED in part.  The dispositive motions and discovery deadlines previously set in Magistrate Judge Stephen Crocker's preliminary pretrial conference order of February 8,

2008 are RESCINDED and all discovery is STAYED pending a decision on defendant's motion for summary judgment.

Entered this 30th day of April, 2008.

                                              BY THE COURT:
                                              /s/
                                              BARBARA B. CRABB
                                              District Judge