IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SHAHEED TAALIB'DIN MADYUN,                                            ORDER

                    Plaintiff,                                                   08-cv-31-bbc

     v.

ANGIE WOOD,

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On May 23, 2008, judgment was entered in this case dismissing plaintiff Shaheed Madyun's claims against defendant Angie Wood. Now plaintiff has filed a notice of appeal. Because plaintiff has not paid the $455 fee for filing an appeal, I construe his notice to include a request for leave to proceed in forma pauperis on appeal. That request will be denied.

Plaintiff is aware that he has struck out under § 1915(g). (Plaintiff incurred two strikes in Madyun v. Litcher, 02-cv-43-bbc, one in the district court on Mar. 8, 2002, and a second in the Court of Appeals for the Seventh Circuit on Dec. 30, 2002. He earned a third strike on July 24, 2006, when he filed a frivolous appeal in Madyun v. Cook, 04-cv-343-bbc). He should know as well that there is only one exception to § 1915(g) that allows

1

a prisoner who has struck out to obtain pauper status on appeal: that his claim involves a matter that has put him in imminent danger of serious physical injury at the time he is seeking pauper status. That exception does not apply here. Plaintiff's claim in this lawsuit is that defendant Angie Wood put him in segregation in September 2001 in retaliation for his activities as a jailhouse lawyer and because of his complaints about prison conditions, and that in the same year, she failed to obtain medical care for him after learning he had ingested pieces of razor blades. Neither of these claims is adequate to suggest that plaintiff is presently in imminent danger of serious physical injury. Therefore, if plaintiff wishes to pursue his appeal, he will have to pay the $455 filing fee in full. He may delay such payment under one circumstance only; that is, if he challenges in the court of appeals within thirty days of the date he receives this order the decision to deny his request for leave to proceed in forma pauperis on appeal because of his § 1915(g) status. Fed. R. App. P. 24(a)(5). (I note that plaintiff's appeal appears also to be untimely, but that is a jurisdictional matter over which the court of appeals has exclusive authority.) If the court of appeals decides that it was improper to apply the three-strikes bar against plaintiff in this case, then the matter will be remanded to this court for a determination whether plaintiff's appeal is taken in good faith. If the court of appeals determines that this court was correct in finding that § 1915(g) bars him from taking his appeal in forma pauperis, the $455 filing fee payment will be due in full immediately. Whatever the scenario, plaintiff is responsible for insuring that the

required sum is remitted to the court at the appropriate time.

## ORDER

IT IS ORDERED that plaintiff's request for leave to proceed in forma pauperis on appeal is DENIED because, as a prisoner who has struck out under 28 U.S.C. § 1915(g), plaintiff is not eligible to proceed in forma pauperis on appeal.

The clerk of court is requested to insure that plaintiff's obligation to pay the $455 is reflected in this court's financial records.

Entered this 23rd day of July, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

3